Martínez como Cesionario de Sanjurjo *v.* García.

Apelación procedente de la Corte de Distrito de Mayagüez.

No. 742.—Resuelto en enero 16, 1912.

Resuelto por los fundamentos de la opinión en el caso número 743 de *Martínez como Cesionario de Sanjurjo* v. *García,* resuelto en enero 16 de 1912.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. Pascasio Fajardo.*
Abogado del apelado: *Sr. José de Diego.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Está sometido a nuestra consideración y resolución el presente recurso de apelación, interpuesto por la parte demandante contra sentencia que dictó la Corte de Distrito de Mayagüez en 17 de abril de 1911, declarando sin lugar la demanda con imposición de costas al demandante.

En dicha demanda se alega sustancialmente que siendo Isidro F. Sanjurjo apoderado general de la demandada, facilitó a ésta dinero y cubrió por su cuenta gastos, llegando a deberle doce mil dollars, representados por las diez partidas que se detallan y especifican en dicha demanda con expresión del concepto que las originó, sin que aquella suma haya sido satisfecha en todo ni en parte, por lo que el demandante concluye con la súplica de que por sentencia sea condenada la demandada a pagar la suma adeudada, con los intereses legales desde la presentación de la demanda, costas y quinientos dollars para honorarios de abogados del demandante.

La demandada contestó negando específicamente haber recibido en forma alguna las cantidades detalladas en la demanda y que adeudara a Fernández Sanjurjo o a su cesionario Rogelio Martínez Castro en todo o en parte la suma que se le reclama, por más que admite que Isidro F. Sanjurjo tuviera un poder de la misma, que jamás ejercitó y para cuyo ejercicio nunca le dió instrucciones.

En el acto del juicio el abogado del demandante eliminó de la demanda cinco de las diez partidas que integraban la suma reclamada, quedando ésta limitada a las cinco partidas restantes, ascendentes a dos mil seiscientos dollars; y con el resultado de la evidencia introducida por ambas partes fué declarada sin lugar la demanda con imposición de costas al demandante, según hemos dicho.

Alega la parte apelante como fundamentos del recurso:

1°. Que la sentencia dictada es nula por no atemperarse a lo que dispone la Ley para enmendar los artículos 92, 123, 227 y 299 del Código de Enjuiciamiento Civil, aprobada en 9 de marzo de 1911.

2°. Que la corte inferior, al apreciar las pruebas en con-

junto, lo hizo con manifiesto error, sin tener en cuenta los preceptos de la vigente Ley de Evidencia.

Al resolver en este mismo día el recurso de apelación número 743 en otro caso también de Isidro F. Sanjurjo, hoy *Rogelio Martínez Castro* v. *Dolores García Sanjurjo,* sobre cobro de pesos, en que se alegaron para sostenerlo, los mismos fundamentos legales que se dejan consignados, dijimos:

"No se especifican los errores cometidos por la corte inferior con infracción de las dos leyes que se suponen infringidas, según debió hacer la parte apelante en cumplimiento de las reglas 42 y 43 del Reglamento de este tribunal; y como la vista del recurso tuvo lugar sin la comparecencia de los abogados de una y otra parte, tampoco oralmente se han puntualizado esos errores.

"Parece que la nulidad pretendida de la sentencia se basa en el hecho de haber sido emitida la opinión del juez inferior con posterioridad al fallo, pues así se afirma en el alegato de la parte apelante y también aparece demostrado en el récord; pero tal hecho no vicia de nulidad la sentencia pronunciada, puesto que ésta decide los derechos de las partes.

"Ciertamente que el artículo 227 del Código de Enjuiciamiento Civil, según ha quedado modificado por la ley aprobada en 9 de marzo de 1911, preceptúa que en el juicio definitivo de cualquier caso ante una corte de distrito, el juez de la misma hará y archivará una relación breve del caso, exponiendo los hechos, según éstos resultan ante él, y dando las razones en que funde su decisión. Tal precepto no exige que la relación se haga previa, simultánea o posteriormente a la sentencia. Consta del récord que dicha relación fué hecha en la forma prevenida por la ley, y ésta, por tanto, tuvo debido cumplimiento.

"Por más que la parte apelante ni siquiera ha tratado de demostrar, como era su deber hacerlo, que la corte inferior haya cometido manifiesto error en la apreciación de las pruebas practicadas en el juicio, las hemos examinado detenidamente, y lejos de encontrar el error alegado, llegamos a la conclusión de que falta prueba de la existencia de la obligación, cuyo cumplimiento se exige, y esa prueba incumbía a la parte demandante con arreglo al artículo 1182 del Código Civil y 108 de la Ley de Evidencia.

"Ante la carencia de prueba, impónese la aplicación del axioma jurídico: *Actore non probante reus est absolvendus.*"

Las consideraciones de derecho que dejamos transcritas son también aplicables al presente caso, y en mérito de ellas procede la confirmación de la sentencia apelada que dictó la Corte de Distrito de Mayagüez en 17 de abril del año próximo pasado.

*Confirmada.*

·   Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.